IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAHEEM JEFFERSON BRENNERMAN and BLACKSTONE PACIFIC ENERGY CORPORATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GUARDIAN NEWS & MEDIA LIMITED, GUARDIAN NEWS & MEDIA LLC, and CENTER FOR PUBLIC INTEGRITY, <br><br> Defendants. | ) ) ) ) ) ) ) ) Civ. No. 14-188-SLR/SRF ) ) ) ) ) ) |

**ORDER**

At Wilmington this 30th day of March, 2016, having reviewed the Report and Recommendation issued by Magistrate Judge Sherry R. Fallon, as well as the objections posed by plaintiffs and defendants' responses thereto;

IT IS ORDERED that the objections (D.I. 63) are overruled and the Report and Recommendation (D.I. 62) accepted, for the reasons that follow. Plaintiffs filed an action against defendants Guardian News & Media Limited ("Guardian Ltd.") and Center for Public Integrity ("CPI") for defamation, which action was removed to this court on the basis of diversity jurisdiction. Following removal, plaintiffs filed a first amended complaint which added a non-diverse defendant, Guardian News & Media LLC ("Guardian LLC"). Plaintiffs thereafter filed a motion for remand, and defendants filed a motion to deny joinder and a motion to dismiss. The action for defamation is

based on articles published in the United Kingdom by Guardian Ltd. and CPI. Three Guardian Ltd. employees wrote all of the articles in London. The articles alleged that the property owners identified in the articles, including plaintiff Brennerman, have been taking advantage of tax loopholes related to their United Kingdom properties.

    1. **Motion to remand.** Magistrate Judge Fallon recommends that the motion to remand be denied because the non-diverse defendant was fraudulently joined. Under Third Circuit precedent, a court may disregard the non-diverse defendant only "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). This entails a finding that claims against the non-diverse defendant are "'wholly insubstantial and frivolous,'" and recovery is a legal impossibility. *In re Briscoe*, 448 F.3d 201, 218 (3d Cir. 2006) (quoting *Batoff v. State Farm. Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).

    2. Plaintiffs base their defamation claims against Guardian LLC on the fact that the allegedly defamatory statements on Guardian Ltd.'s website could be accessed through Guardian LLC's website. I find no error in Magistrate Judge Fallon's conclusion that the claim against Guardian LLC is wholly insubstantial and frivolous as barred by 47 U.S.C. § 230, which provides in relevant part that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). An "interactive computer service" is "any information service, system, or access

software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educaitonal institutions." 47 U.S.C. § 230(f)(2) An "information content provider" is "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3). Websites have consistently been held to be "interactive computer services" as they enable "computer access by multiple users to a computer server." See, e.g., Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc. 591 F.3d 250, 255 (4th Cir. 2009); DiMeo v. Max, 248 F. App'x 280 (3d Cir. 2007). The allegations in the first amended complaint clearly indicate that the alleged defamatory articles were first published by Guardian Ltd. in the United Kingdom. (D.I. 16, ¶ 1, fn. 1, 2; see also D.I. 63 at 9)) Although plaintiffs generally allege that Guardian LLC "publishes" *The Guardian* newspaper and www.theguardian.com, the actual exhibits attached to the complaint indicate otherwise. Moreover, there are no allegations that Guardian LLC actually played a role in creating or developing the articles at issue. Magistrate Judge Fallon committed no legal error in finding that Guardian LLC, whose website acts as a link to Guardian Ltd.'s website and the allegedly defamatory articles, was fraudulently joined.[1]

3. **Motion to dismiss.** The originally named defendants move to dismiss the action for lack of personal jurisdiction. Plaintiffs assert that the defendants "are subject

---

[1] The analysis under the equitable standard found in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), would also find remand inappropriate.

to the specific jurisdiction of this court because they purposefully directed defamatory falsehoods at Delaware as part of the regular transaction of their online publishing business in Delaware, and plaintiffs' injuries arise out of those activities." (D.I. 63 at 5) With respect to specific jurisdiction, the Third Circuit has explained that "[p]ersonal jurisdiction cannot lie solely on the basis that [a defendant's] Internet postings may be accessed by individuals in Delaware. Instead, [a plaintiff needs] to demonstrate that [a defendant] purposefully availed himself of conducting activity in Delaware 'by directly targeting [the postings] to the state, knowingly interacting with residents of [Delaware] via [the postings], or through sufficient other related contacts.'" *Kabbaj v. Simpson*, 547 Fed. App'x 84, 88 (3d Cir. 2013) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003)). The fact that the originally named defendants create and publish articles that can be accessed through the Internet is insufficient, as a matter of law, to confer personal jurisdiction. Therefore, the court cannot exert personal jurisdiction over CPI. The fact that Guardian Ltd. has a Delaware affiliate does not change the analysis, where Delaware residents were not a targeted audience for the alleged defamatory articles and plaintiffs' claims do not arise out of Guardian Ltd.'s operation of its subsidiary in Delaware. *See, e.g., Ace & Co., Inc. v. Balfour Beatty PLC*, 148 F. Supp.2d 418, 422-23 (D. Del. 2001) ("[T]he mere fact that a non-Delaware corporation owns a Delaware subsidiary is not sufficient in itself to justify Delaware's exercise of personal jurisdiction over the non-Delaware parent," citing *Papendick v. Robert Bosch GmbH*, 410 A.2d 148, 151-52 (Del. 1979)).

4. With respect to general jurisdiction, it is the "quality of commercial activity that

is relevant." *Kloth v. S. Christian Univ.*, 494 F. Supp. 2d 273, 281 (D. Del. 2007), *aff'd*, 320 Fed. App'x 113 (3d Cir. 2008). I find no error in Magistrate Judge Fallon's conclusion that nothing in the record (including plaintiffs' allegations) suggests that Guardian Ltd. or CPI make regular sales, earn substantial revenue, or have continuous and systematic contacts with Delaware that would permit the exercise of personal jurisdiction.

    5. Magistrate Judge Fallon did not reach the due process analysis because plaintiffs failed to satisfy the requirements of Delaware's long-arm statute. I find no error in this. Moreover, exercising jurisdiction on the basis of defendants' internet postings or on a corporate affiliation would not comport with due process, based on the case law cited above.

    THEREFORE, IT IS FURTHER ORDERED that, consistent with the above;

    6. Plaintiffs' motion to remand (D.I. 17) be denied.

    7. Defendants' motion to deny joinder (D.I. 20) is granted.

    8. Defendants' motion to dismiss (D.I. 22) is granted.

    9. Guardian LLC's motion to dismiss (D.I. 25) is denied as moot.

                                      _/s/ Sue L. Robinson_
                                          United States District Judge